# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| OLAMIDE SOYINKA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 19-cv-04691 |
| v. | ) ) | |
| FRANKLIN COLLECTION SERVICE, INC., | ) ) ) | |
| Defendant. | ) | Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Olamide Soyinka, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter falsely threatening litigation over an alleged debt.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Olamide Soyinka, is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T consumer utility account.

7. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Defendant, Franklin Collection Service, Inc. ("FCS"), is a Mississippi corporation that does or transacts business in Illinois. Its registered agent and address is C.T. Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604. (Exhibit A, Record from Illinois Secretary of State).

9. FCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. FCS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

11. FCS is licensed as a debt collection agency in Illinois. (Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

## FACTUAL ALLEGATIONS

12. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for an AT&T consumer utility account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

14. FCS subsequently attempted to collect the alleged debt.

15. On or about May 7, 2019, FCS sent a letter ("Letter") regarding the alleged debt directly to Plaintiff. (Exhibit C, Collection Letter).

16. The Letter conveyed information regarding the alleged debt, including the creditor, a reference number and an amount due.

17. Thus, the Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

18. The Letter states, in part:

> IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR
> ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND
> YOUR DEFENSES…

(Exhibit C, Letter)

19. The Letter instructs Plaintiff to contact his attorney.

20. Plaintiff did not have an attorney at the time the Letter was sent.

21. Plaintiff would not need an attorney unless FCS were threatening legal action.

22. The terms "potential remedies" and "your defenses" are used to strongly suggest the threat of litigation.

23. These legal terms are employed to make the unsophisticated consumer believe a suit was possible, and to communicate to the consumer that "the price of poker has just gone up;" the language is designed "to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) (analyzing a letter sent to a consumer on attorney letterhead by a non-attorney).

24. However, FCS, and its client AT&T Mobility, did not intend to take legal action against Plaintiff over a $171.00 debt.

25. In fact, neither entity sues consumers in this district for past due debts.

26. The unsophisticated consumer would not understand that the threat was a false threat.

27. FCS made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

29. FCS threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §1692e(5) when it threatened the possibility of a lawsuit against Plaintiff for an alleged debt where no lawsuit was intended.

30. A false threat to take an action not intended to be taken requires two elements: (1) the unsophisticated consumer would believe that legal action was threatened; and (2) the debt collector did not intend to take legal action. *United States v. Nat'l Fin. Servs., Inc.*, 98 F. 3d 131 (4th Cir. 1996); *see Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343 (E.D.N.Y. 2009); *see also*

*United States v. Nat'l Fin. Servs., Inc.*, 820 F. Supp. 228 (D. Md. 1993), *aff'd*, 98 F.3d 131 (4th Cir. 1996); *Degonzague v. Weiss, Neuren & Neuren*, 89 F. Supp. 2d 282 (N.D.N.Y. 2000).

31. The unsophisticated consumer would believe that FCS was threatening some alternative to amicable resolution if Plaintiff did not pay the alleged debt.

32. Violations of the FDCPA which would influence a consumer's decision to pay a debt are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, Defendant's threat was designed to coerce Plaintiff into paying the debt to avoid a potential lawsuit.

33. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

34. FCS engaged in an unfair practice, in violation of 15 U.S.C. §1692f, when it sent Plaintiff a Letter making unsubstantiated threats of litigation in an attempt to coerce her into paying an alleged debt.

35. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

36. Plaintiff, Olamide Soyinka, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect an AT&T debt (3) using a letter substantially similar to that attached as Exhibit C to

Plaintiff's Complaint (4) **which instructs the recipient to contact their attorney regarding an alleged debt** (5) sent one year prior to the filing of the Complaint to twenty-one days following.

37. As Exhibit C is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted American Express account.

38. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

40. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

42. FCS threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §1692e(5) when it threatened the possibility of a lawsuit against Plaintiff for an alleged debt where no lawsuit was intended.

43. FCS engaged in an unfair practice, in violation of 15 U.S.C. §1692f, when it sent Plaintiff a Letter making unsubstantiated threats of litigation in an attempt to coerce her into paying an alleged debt.

44. Members of the putative class were damaged by Defendant's misleading letter in the form of all amounts paid to FCS in response to the false threat of legal action.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

    A.    Disgorgement of all payments received in response to the unlawful Letter, pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael J. Wood
Celetha C. Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com