UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLAMIDE SOYINKA, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FRANKLIN COLLECTION SERVICE, INC., | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 19-cv-04691

Hon. Edmund E. Chang

Magistrate Sunil R. Harjani

**Response to Defendant's Motion to Dismiss**

Plaintiff's complaint cannot be dismissed because it adequately alleges that Defendant's collection letters are false, deceptive, and misleading in violation of 15 U.S.C. 1692e and are unfair and unconscionable means to collect a debt in violation of 15 U.S.C. 1692f.

Defendant lists a number of district court decisions in support of their argument but fail to note that all but one of these come from Circuits applying a different standard of law than the Seventh Circuit does. The single case from a Wisconsin district court is not persuasive as courts in our own district apply a more nuanced and rigorous analysis to the issue of whether a debt collector's letter is false, deceptive, or misleading. Finally, Defendant's argument that the § 1692f claim is an "impermissible restatement of her other claims," is not supported by more recent case law in this district.

**Argument and Authorities**

**I. Legal Standard**

In the Seventh Circuit (and the Fifth, Sixth, and Eleventh Circuits), whether a collection letter is false, deceptive, or misleading is a question of fact, not a question of law. *Evory v. RJM*

*Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007); *Gonzalez v. Kay*, 577 F.3d 600, 606-07 (5th Cir. 2009); *Kuehn v. Cadle Co., Inc*., 335 Fed. App'x 827, 830 (11th Cir. 2009); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008).

In contrast, the Second, Third, Fourth, and Ninth Circuits consider it a question of law. *Russell v. Absolute Collection Servs.,* 763 F.3d 385, 395 (4th Cir. 2014)*; Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-62 (9th Cir. 2011); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 36 (2d Cir. 1996); *Szczurek v. Prof'l Mgmt*., 627 F. App'x 57, 60 (3d Cir. 2015). Though the Tenth Circuit has not addressed the issue directly, district courts in that circuit consider it a question of law as well. *See, Kalebaugh v. Berman & Rabin, P.A.,* 43 F. Supp. 3d 1215, 1223 (D. Kan. 2014) (predicting the Tenth Circuit would hold the question of deceptive language under § 1692e and § 1692f to be questions of law).

The distinction is critical – in this Circuit, for claims brought under § 1692e, "dismissal is only appropriate in cases involving statements that plainly, on their face, are not misleading or deceptive." *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018) (internal quotation marks omitted); *see, also, Dunbar v. Kohn Law Firm, S.C.,* 896 F.3d 762, 765 (7th Cir. 2018) (quoting *id.*); *see, also, Tena v. Transworld Sys.,* No. 18 CV 4144, 2018 U.S. Dist. LEXIS 212979, at *2 (N.D. Ill. Dec. 18, 2018); *Beaufrand v. Portfolio Recovery Assocs., LLC,* No. 18-CV-214, 2018 U.S. Dist. LEXIS 197339, at *13 (E.D. Wis. Nov. 20, 2018) ("My sole inquiry is whether the letter is clear on its face such that 'no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that . . . violates [the FDCPA].'").

There is some tension between this standard and an alternative formulation that courts sometimes use, and which Defendant cites: a complaint should be dismissed only if "not even a significant fraction of the population would be misled by it." MTD at 3-4; *citing Gruber v.*

*Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014) (itself citing *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). In practice, they essentially set the same high bar – a defendant must show that the letter is plainly not misleading or deceptive on its face, which is the same as a letter that would not confuse even a fraction of the population. *Walston v. Nationwide Credit, Inc.,* No. 18 C 7877, 2019 U.S. Dist. LEXIS 147865, at *8 (N.D. Ill. Aug. 30, 2019) Regardless, the onus is on the Defendant to show that almost no one would be deceived or misled – a particularly heavy burden.

Moreover, the Seventh Circuit has cautioned that district courts must "tread carefully before holding a letter is not confusing as a matter of law on a 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (internal quotation marks omitted).

A letter can be "literally true and still be misleading – for example, if it leaves the door open for a false impression." *Dunbar*, 896 F.3d at 765.

**II. Defendant's Letter is False, Deceptive, and Misleading**

Franklin Collection Service, Inc. sent a collection letter to Plaintiff that states, in relevant part:

> THIS ACCOUNT HAS BEEN PLACED WITH OUR OFFICE FOR COLLECTION. YOU HAVE AN OUTSTANDING BALANCE OF 171.00 OWED TO AT&T. IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER WE AGREE TO OFFER YOU A SETTLEMENT OF $119.70. TO ACCEPT THIS OFFER PLEASE SEND A PAYMENT OF $119.70. IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIONAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961.
> Exhibit C to Complaint, Doc. 1-1 at 6 (all capital letters in original)

The letter presents consumers with a choice: either accept a "settlement" and send payment; or, call "your attorney" to discuss "potential remedies" and "your defenses." Either pay up, or you will need a lawyer.

**a. The Letter Falsely Threatened Legal Action**

Plaintiff has alleged that Defendant's letter threatened legal action, but that Defendant does not sue consumers over AT&T accounts in Illinois. This is a direct violation of § 1692e(5). 15 USC § 1692e.

"A threat, in the broadest sense, involves a declaration of an intention to take some action." *St. John v. Cach, LLC*, 822 F.3d 388, 390-91 (7th Cir. 2016). For a collection letter to threaten legal action under § 1692e(5), the letter must "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Aker v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, 2014 U.S. Dist. LEXIS 136946, 2014 WL 4815366, at *5 (N.D. Ill. Sept. 29, 2014) (citing *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998)). Under the FDCPA, a threat "need not be express; it can be implied." (*Cooper v. Retrieval-Masters Credit Bureau, Inc.*, No. 16 C 2827, 2017 U.S. Dist. LEXIS 84693, at *7 (N.D. Ill. June 2, 2017) (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011)

But even indirect or oblique threats give rise to liability, provided they indicate that "legal action is underway or contemplated in the near future." *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998); *see also*, *Combs v. Direct Mktg. Credit Servs., Inc.*, 165 F.3d 31 (7th Cir. 1998) (unpublished). Thus, language such as "[o]ur collectors have been instructed to proceed within state and federal regulations to attempt collection of this debt," would be read by

an unsophisticated consumer as a threat of litigation. *Sherrell v. L&P Fin. Adjustors Inc.*, No. 17 C 7779, 2018 U.S. Dist. LEXIS 133805, at *5 (N.D. Ill. Aug. 8, 2018).

In, *Bloodworth v. United Credit Serv., No. 15-cv-0502, 2016 U.S. Dist. LEXIS 49129*, at *4 (E.D. Wis. Apr. 12, 2016), the court considered the following language: "IF PAYMENT IS NOT RECEIVED IN THIS OFFICE WITHIN FIVE DAYS, WE WILL CONSIDER OTHER METHODS OF ENFORCING COLLECTION." The court held that an unsophisticated consumer would find the statement a threat of legal action. *Id. See, also, Bandas v. United Recovery Serv.*, No. 17 C 1323, 2017 U.S. Dist. LEXIS 185573, at *3 (N.D. Ill. Nov. 8, 2017), ("This is our third attempt to have you voluntarily resolve this claim. We seek your cooperation now!" and noting the "urgent tone" in other parts of the letter).

Compare *Bandas* with *Cadiz v. Credence Res. Mgmt., LLC*, No. 17-cv-01949, 2018 U.S. Dist. LEXIS 144801, at *2 (N.D. Ill. Aug. 24, 2018) – there, the letter stated in part "we would like to resolve this matter amicably, therefore please send your payment…" The court held a collection letter did not contain a threat of litigation because there was "no explicit mention…that it was pursuing or contemplating legal action," and it did not contain any reference to "any trappings of litigation." *Id.* at *9.

Similarly, references to "courts, lawsuits, judgments, pleadings, damages, attorneys' fees, or any trappings of litigation," are indicative of a threat of litigation. *Aker v. Bureaus Investment Group Portfolio No. 15 LLC*, 2014 U.S. Dist. LEXIS 136946, 2014 WL 4815366, at *5 (finding letter containing no 'trappings of litigation' was not a threat of litigation).

Additionally, as the Seventh Circuit noted, an unsophisticated consumer 'googling' the phrase "offer for settlement" would "learn that the term…is used in a civil lawsuit to describe a communication from one party to the other suggesting a settlement—an agreement to end the

5

lawsuit before a judgment is rendered." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014). Thus, an 'offer to settle' itself suggests litigation that has commenced already or will soon.

Here, "IF YOU ARE NOT PAYING THIS ACCOUNT, CALL YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES…" would clearly mislead any number of reasonable consumers into believing that if they did not pay the "SETTLEMENT" they would need an attorney.

A plain, literal reading of the letter is: pay the money or get a lawyer. The dispositive question is what an unsophisticated consumer (or any consumer) would think the lawyer is for? The fact that Defendant informs them it has to do with "remedies and defenses" and in the context of a rejected "settlement offer" makes it crystal clear.

It strains credulity to argue that a call to an attorney is required for something other than imminent litigation or legal action "contemplated in the near future." *Jenkins*, 999 F. Supp. at 1136. Moreover, the letter implies that the consumer already has an attorney – they are instructed to call THEIR attorney, not call AN attorney. How many people (to say nothing of unsophisticated consumers) "have" an attorney? This is a strange choice of words, and one that inevitably leads to more confusion: is there already litigation under way? Should the consumer *already* have hired a lawyer? As noted, the reference to a "settlement offer" immediately preceding this sentence is itself indicative of imminent or ongoing litigation. *See, McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014). Coupled with the implication that you *already* have (or should already have) a lawyer leaves the unmistakable impression that litigation is the next step in the collection process.

In *Akers,* as noted above, the court found that a dunning letter did not threaten litigation in part because there were no references to "courts, lawsuits, judgments, pleadings, damages, attorneys' fees, or any trappings of litigation." Here, there are references to attorneys, settlements, remedies, and defenses – some of the more well-known 'trappings of litigation.'

Moreover, in *Jenkins* and *Aker,* both letters expressly disclaimed a decision had been made regarding litigation in the very paragraphs the plaintiffs were complaining of. *See, Aker v. Bureaus Inv. Grp. Portfolio No. 15 LLC,* No. 12 C 03633, 2014 U.S. Dist. LEXIS 136946, at *2 (N.D. Ill. Sep. 29, 2014) ("At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."); *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) ("The economic feasibility of some type of litigation by our client has not been determined."). This was dispositive in both cases. Here, in the main body of the letter, there is no such disclaimer, so as in *Cuenca v. Harris & Harris, Ltd.*, No. 16-CV-05385, 2017 U.S. Dist. LEXIS 49548, at *1 (N.D. Ill. Mar. 31, 2017), the "threat of potential litigation hangs in the air without any representation it will not be used."

There is however a statement written in tiny letters on the bottom of the back of the letter: "When this letter was mailed, no attorney has [sic] personally reviewed your account." Doc. 1-1 at 7. This does not make the threat of litigation less valid. First, this is the proverbial 'fine print', and such a disclaimer is of limited value in determining whether an unsophisticated consumer would glean a threat of litigation from the body of the letter. *See, e.g., Sampson v. W. Sierra Acceptance Corp.,* No. 03 C 1396, 2003 U.S. Dist. LEXIS 13429, at *12 (N.D. Ill. Aug. 1, 2003) (finding small type-face notices on the back of letter were not 'conspicuous' under the FDCPA or TILA as a matter of law.)

Second, the sentence is itself confusing – it can reasonably be read as implying that litigation is imminent: if no attorney has personally reviewed the account when the letter was mailed, a plausible inference would be that one has since reviewed the account (compare with "at this time" from *Jenkins*). Perhaps a plausible inference could also be that an attorney has still not reviewed the account, but at the pleading stage, the first inference must be assumed.

**b. The Letter is Misleading and Deceptive Generally, and Violates § 1692e**

Even if this court agrees with Defendant that the letter does not contain a threat of litigation, the letter is still misleading and deceptive for implying that legal action is a possibility – a distinct violation of § 1692e. *See, Cadiz v. Credence Res. Mgmt., LLC,* No. 17-cv-01949, 2018 U.S. Dist. LEXIS 144801, at *9 (N.D. Ill. Aug. 24, 2018). In *Cadiz*, as discussed above, the court found that a letter stating "we would like to resolve this matter amicably" was not threatening imminent litigation and therefore dismissed the plaintiff's § 1692e(5) claim. In particular, it noted that there was "no explicit mention" that the defendant was "pursuing or contemplating legal action" and that the letter did not refence any "trappings of litigation." *Id.* As noted, the letter at issue here contains both trappings of litigation and implies imminent legal action. However, the court in *Cadiz* found that it was "plausible that the use of the word 'amicably' could mislead the unsophisticated consumer into believing that litigation was a possibility," and refused to dismiss the general § 1692e claim. *Id.* at *5.

In *Cuenca v. Harris & Harris, Ltd.*, No. 16-CV-05385, 2017 U.S. Dist. LEXIS 49548, at *1 (N.D. Ill. Mar. 31, 2017), the court found that a statement that the debtor "may exercise their various options to enforce collection," could potentially mislead the unsophisticated consumer into believing that the debt collector was threatening litigation.

However, the court, continued:

> It is not, however, necessary to resolve the question of whether the dunning letter sent to Cuenca constitutes a "threat" of litigation. That frames the inquiry too narrowly. Rather, the relevant issue is whether, threat or not, Harris's statement would likely mislead an objective unsophisticated consumer about the possibility that Northwestern would sue her to collect the debt.
>
> *Cuenca v. Harris & Harris, Ltd.,* No. 16-CV-05385, 2017 U.S. Dist. LEXIS 49548, at *3-4 (N.D. Ill. Mar. 31, 2017) (citing to § 1692e's general prohibition against "any false, deceptive, or misleading representation.").

Because the plaintiff had alleged that the original creditor did not sue consumers, her complaint could not be dismissed.

*Cuenca* is also notable in that it recognizes that ambiguous language itself cannot be a defense to § 1692e claims like threats of false litigation. *Id.* at *5. Because the debt collector chose the language at issue and the "threat of potential litigation hangs in the air without **any** representation it will not be used," it could not then claim that the statements were too ambiguous or uncertain. *Id.* at *5-6.

In *Bandas v. United Recovery Serv.*, No. 17 C 1323, 2017 U.S. Dist. LEXIS 185573, at *7 (N.D. Ill. Nov. 8, 2017), the offending letter stated:

> We wish to make this appeal to you as one reasonable party to another. Send us your full payment today or contact this office at once to make suitable payment arrangements so that no further procedures need to be taken in this matter.
>
> This is our third attempt to have you voluntarily resolve this claim. We seek your cooperation now!

The court found that it could plausibly be read as threatening litigation. *Id.* In particular, the court noted the urgent tone and implication that other collection methods had been exhausted distinguished the case from *Jenkins*, where the letter explicitly stated that the "feasibility of litigation had not yet been determined." *Id.* at *8. But critically, as in *Cuenca,* the court continued: "even without an express threat of litigation, collection efforts offer opportunities for mischief and deception." *Id.* Because the plaintiff had alleged and the court agreed "that an

unsophisticated consumer may believe an action could be taken against them that Defendant does not actually intend to take," the "further proceedings" phrase was "false and misleading," and the claims under § 1692e(5) and e(10) could not be dismissed. *Id.* at *10.

Here, the letter as a whole would clearly mislead an unsophisticated consumer in believing that litigation was a possibility if they did not accept the settlement offer. Whether or not it was an imminent threat, it is deceptive and misleading because no litigation would ever occur.

**III. Defendant's Case Law is Misrepresented and of Limited Persuasive Value**

Defendant lists 6 cases involving similar (though not identical) language and claims that "[e]ach court concluded that the language did not constitute a false threat or violate the FDCPA." MTD at 5 (underline added). As an initial matter, Defendant intentionally misrepresents the holding of one of the cases, cited as "*Campoli-Nolan v. Franklin Collection Service, Inc*. Case No. 16-CV-109 (S.D. Ind. May 5, 2016, Dkt. 27-28)". *Id.* Specifically, *Campoli-Nolan* ended with a dismissal with prejudice after the parties agreed to dismiss the case and filed a joint motion to dismiss.[1]

Defendant makes a further misrepresentation regarding the same case, describing the dismissal order as the:

> district court dismissing plaintiff's claim involving the same language at issue here with prejudice because after FCS moved to dismiss the complaint based on some [sic] the same authority cited herein, the plaintiff determined that he could not oppose the motion to dismiss and agreed that it should be granted.
> MTD at 10. (underline added).

---

[1] Defendant failed to attach the documents he cites, presumably because they do not support his contention regarding what the court 'concluded.' They are attached here for convenience as Exhibit A. Though not critical to Plaintiff's response, the court may nonetheless take judicial notice of them. *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008) (dockets and opinions in other courts subject to judicial notice).

As noted, the actual dismissal order was entered following a standard joint motion to dismiss and contained no information regarding the plaintiff's motivation in agreeing to dismiss – not "because…the plaintiff determined he could not oppose the motion." Put simply, Defendant's claim that the court "concluded" anything or the plaintiff "determined" anything are false.[2]

Though this single case obviously does not support Defendant's argument, it is likely included because the other cases he cites where similar language was at issue are from outside the Seventh Circuit, except for one. Each of the cases is from a Circuit where the question of whether a letter is deceptive, confusing, or misleading under § 1692e is one of law, not fact, and thus amenable to dismissal under 12(b)(6).[3] Defendant failed to note this critical difference in precedent between the Circuits and it renders these non-binding cases even less persuasive, if not irrelevant.

The one case from the Seventh Circuit examining a similar letter from Defendant, *Brunett v. Franklin Collection Service, Inc.*, 2018 U.S. Dist. LEXIS 78746 (E.D. Wis. May 10, 2018), is conclusory and relies on out-of-circuit cases for its holding as well – it is also not in line with the majority of decisions in this district. Firstly, the court in *Brunett* explicitly based its holding on

---

[2] Defendant also notes that Plaintiff's counsel voluntarily dismissed a case against Defendant, speculating that it was because they were 'confronted with some of the authority cited herein.' MTD at 10 n. 4. This is, again, pure speculation.

[3] The cases are: *Winans v. Franklin Collection Service, Inc.*, 2018 U.S. Dist. LEXIS 138709 (M.D.N.C. Aug. 16, 2018) (4th Cir.); *Rivera v. Franklin Collection Service, Inc.*, 2017 U.S. Dist. LEXIS 112105 (E.D. Pa. July 19, 2017) (3rd Cir.); *Covington v. Franklin Collection Service, Inc.*, 2016 U.S. Dist. LEXIS 103601 (D. Kan. Aug. 5, 2016) (10th Cir.); *Clark v. Franklin Collection Service, Inc.*, 2015 U.S. Dist. LEXIS 70944 (D. N.J. June 2, 2015) (3rd Cir.).

Defendant also notes that in *Clark*, the court applied the 'least sophisticated' rather than the 'unsophisticated' consumer standard. MTD at 7 n. 3. However, most courts have acknowledged that the difference, if any, between the two standards is negligible in practice. *See, e.g., Brunett v. Franklin Collection Serv.*, No. 18-CV-163-JPS, 2018 U.S. Dist. LEXIS 78746, at *10 n.2 (E.D. Wis. May 10, 2018)(least sophisticated standard "slightly lower bar"); *McMurray v. ProCollect, Inc.,* 687 F.3d 665, 669 (5th Cir. 2012) (both standards serve "the same purpose").

the *Clark, Covington,* and *Rivera* cases, which do not reflect Seventh Circuit precedent or recent jurisprudence. *Id.* at 11. Secondly, the letter in *Brunett* was similar but not identical to the one Plaintiff received here. In particular, the *Brunett* letter made no reference to a "settlement offer." *Id.* at *4 (image of letter in order).

In *Clark v. Franklin Collection Serv.*, No. 14-cv-8067, 2015 U.S. Dist. LEXIS 70944, at *7 (D.N.J. June 2, 2015), the court's reasoning was conclusory, finding only that the letter "merely informed the debtor that there is an outstanding debt and that the debtor should explore his options with the debt collector or a lawyer." With respect to the district court in *Clark,* this is exactly the type of reliance on a judge's "intuition" the Seventh Circuit has cautioned against: "Unsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade*." Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). To characterize a letter "shouting" about "SETTLEMENTS", "ATTORNEYS", and "REMEDIES AND DEFENSES" as "merely informing" is untenable.[4]

In *Winans v. Franklin Collection Serv.*, No. 17cv659, 2018 U.S. Dist. LEXIS 138709, at *10 (M.D.N.C. Aug. 16, 2018), the court agreed "with the line of cases," that found letters from Defendant "merely provided plaintiff with his options without coercing or misleading the least sophisticated debtor into thinking he was required to either pay or suffer dire consequences." (quoting *Rivera v. Franklin Collection Servs.*, No. 17-631, 2017 U.S. Dist. LEXIS 112105, at *8 (E.D. Pa. July 19, 2017). The quote from *Rivera* was itself taken from *Clark,* 2015 U.S. Dist. LEXIS 70944, at *5. With due respect to those courts, the relevant inquiry does not turn on

---

[4] "'There's one convention that is incontestable: Typing in all caps is Internet code for shouting, and it is rude.' Alice Robb, How Capital Letters Became Interent Code for Yelling, New Republic, Apr. 17, 2014, goo.gl/HzoRqW (last accessed Feb. 18, 2017)." cited in *Commonwealth v. Courtley*, 168 A.3d 312 n.3 (Pa. Super. Ct. 2017).

whether the consumer believed he would "suffer dire consequences," instead it simply asks whether the letter threatened litigation and/or whether it could mislead the unsophisticated consumer into believing that litigation was a possibility. *See, Cuenca,* 2017 U.S. Dist. LEXIS 49548, at *3-4. Finally, the letter in *Rivera* did not contain the offer of settlement directly before the "CALL YOUR ATTORNEY" sentence.

Similarly, the court in *Covington v. Franklin Collection Servs.*, No. 16-2262-JWL, 2016 U.S. Dist. LEXIS 103601, at *7 (D. Kan. Aug. 5, 2016), focused exclusively on "the single sentence," (i.e. "CONTACT YOUR ATTORNEY….") and found that it would not suggest to an unsophisticated consumer that "the threat of litigation was imminent or that litigation was pending." The court in *Covington* itself distinguished the letter at issue with cases where the letter contained references to a "settlement offer" and it was found to constitute a threat of litigation. *Id.* (citing *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (letter which referenced "settlement offer" could plausibly mislead consumer into believing that creditor could sue on time-barred debt); *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1021 (7th Cir. 2014). Again, here, the letter extended a settlement offer just before exhorting Plaintiff to 'CALL YOUR ATTORNEY.'

In *Rivera v. Franklin Collection Servs.*, No. 17-631, 2017 U.S. Dist. LEXIS 112105, at *8-9 (E.D. Pa. July 19, 2017), the court examined a letter that is most similar to the one at issue here. It held that there was no threat of litigation, relying on *Clark* for the proposition that the language "merely inform[ed] the debtor that there is an outstanding debt and that the debtor should explore his options with the debt collector or a lawyer." *Id.* at *8.

The plaintiff in *Rivera* had also noted the sentence containing "settlement offer" language directly before the threat. However, the court read this argument narrowly, finding only that,

13

"[s]imply using the terms 'settlement' or 'settlement offer' in collection letters does not violate the FDCPA." *Id.* at *9. They concluded, "the use of the phrase 'settlement opportunity' by itself does not imply imminent litigation." *Id.* This is contrary to the Seventh Circuit's discussion in *McMahon*, 744 F.3d at 1021 (finding a 'settlement offer' "reinforced the misleading impression that the debt was legally enforceable.").

Finally, none of these cases address *Cadiz, Cuenca,* or *Bandas'* recognition that even without an express threat of litigation, such letters can be false, deceptive, or misleading under § 1692e if they imply that litigation is an option when there is no set of circumstances where the debt collector would actually sue the debtor.

**III. The Collection Letter Can be False, Deceptive, and Misleading *or* Unfair and Unconscionable – or Both.**

Defendant argues that "Plaintiff's § 1692f claim is…an impermissible restatement of her other claims." MTD at 10-11. As one court in this district recently noted, "[s]ome courts would agree with the defendant that debt collection practices do not violate § 1692f if they violate other provisions of the FDCPA…but the Seventh Circuit is not among them. The Seventh Circuit has recognized that the same conduct can violate § 1692f as well as other provisions." *Brown v. I.C. Sys.*, 2019 U.S. Dist. Lexis 45384 (N.D. Ill. 2019) (Alonso, J.) (citing *McMillan v. Collection Prof'ls Inc.,* 455 F.3d 754, 765 (7th Cir. 2006)).

In *McMillan*, the plaintiff received a letter that said, "YOU ARE EITHER HONEST OR DISHONEST YOU CANNOT BE BOTH." *McMillan*, 455 F.3d at 756. The plaintiff sued, alleging multiple § 1692e violations and that the language in the letter was also unfair or unconscionable in violation of § 1692f. *Id.* at 757. The Seventh Circuit reversed the lower court's dismissal and allowed the § 1692e and § 1692f claims to proceed with no mention of any rule

barring overlapping claims. *Id.* at 765. *See, also, Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004)(dismissal of §§ 1692e and 1692f claims based on same letters "was inappropriate because the letters could conceivably mislead an unsophisticated consumer."); *Turner v. J.V.D.B. & Assocs., Inc,* 330 F.3d 991 (7th Cir. 2003) (analyzing separately grants of summary judgment to a debt collector based on a single letter giving rise to a § 1692e claim and § 1692f claim for the same conduct); *Currier v. First Resolution Investment Corp.*, 762 F.3d 529, 536 (6th Cir. 2014) ("A debt collector's action could be 'misleading', …'unfair', or…both.").

Plaintiff's claims arise from the same conduct by Defendant. But whether the letter falsely threatening litigation is false, misleading, and deceptive is a distinct legal and factual question from whether sending a consumer those letters in an attempt to collect a debt is unfair or unconscionable. That the claims overlap is no basis to dismiss.

## IV. Conclusion

The letter would mislead an unsophisticated consumer into believing that litigation was a possibility. Because Defendant would never sue Plaintiff, it was misleading, and deceptive and contained a false threat in violation of § 1692e and §1692e(5). Moreover, sending threatening and deceptive letters to consumers is unfair and unconscionable in violation of § 1692f.

WHEREFORE, Plaintiff respectfully requests this court deny Defendant's Motion to Dismiss, or alternatively Grant Plaintiff Leave to Amend her Complaint and for any other relief this court deems just and reasonable,

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael J. Wood
Celetha C. Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com