UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLAMIDE SOYINKA, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) FRANKLIN COLLECTION SERVICE, INC., ) ) ) Defendant. ) | Civil Action No. 19-cv-04691 Hon. Edmund E. Chang Magistrate Sunil R. Harjani |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY**

Defendant Franklin Collection Service, Inc ("Franklin") was granted leave to cite *Klemp v. Franklin Collection Serv.*, No. 19-C-691, 2019 U.S. Dist. LEXIS 205994 (E.D. Wis. Nov. 27, 2019) as supplemental authority. They argue that the case supports Franklin's Motion to Dismiss because "Klemp is yet another order in a long list of cases where courts have sided with Franklin and granted its motion to dismiss in claims involving the same, or similar theories asserted here based on the same or similar language." [Doc. 25 at 3].

*Kemp* does not support Franklin's motion because it does not involve the "same, or similar theories asserted here," and therefore is wholly inapposite. In *Kemp* the only theory addressed by the court was whether the language in the letter would create the impression that the letter was from a law firm threatening litigation. *Kemp*, at *3-4 ("Klemp alleges that the letter is confusing to an unsophisticated consumer because it contains language suggesting that FCSI is a law firm that could bring a lawsuit against him when, in fact, FCSI is not a law firm."). This is a specific, enumerated violation of § 1692e, e(3): "The false representation or implication that

1

any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

Here, Soyinka has not based any of her claims on the same or similar theory. Instead, Soyinka claims that the letter threatens legal action and that Franklin does not sue consumers – not that Franklin is masquerading as a law firm. *Kemp*, contrary to Franklin's assertions, is irrelevant. Thus the fact that "Judge Griesbach noted that many of plaintiff's argument [sic] had been 'persuasively rejected by a number of district court's,'" may be true, but because Soyinka has not made any of the same arguments as the plaintiff in Kemp, it has no bearing on this case and Franklin's Motion is misleading. [Doc. 25 at 2].

WHEREFORE, Plaintiff respectfully requests this court deny Defendant's Motion to Dismiss.

Respectfully Submitted,

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael J. Wood
Celetha C. Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

  I hereby certify that on December 13, 2019 I electronically filed the foregoing document using the CM/ECF system.

                 By: s/Celetha C. Chatman
                 One of Plaintiff's Attorneys

Michael J. Wood
Celetha C. Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com