**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OLAMIDE SOYINKA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 19-cv-04691 |
| v. | ) ) | Judge Edmond E. Chang |
| FRANKLIN COLLECTION SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Olamide Soyinka brought this proposed class action against Franklin Collection Service, Inc., alleging violations of the Fair Debt Collection Practices Act (commonly known in debt-collection circles as the FDCPA), 15 U.S.C. § 1692 *et seq.*[1] R. 1, Compl. Soyinka claims that Franklin falsely implied in a dunning letter that Franklin intended to sue her to collect on a debt. *Id.* Franklin moves to dismiss the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6); R. 13, Mot. Dismiss.[2] For the following reasons, Franklin's motion is denied.

---

[1]The Court has subject matter jurisdiction under 28 U.S.C. § 1331. Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2]Although Soyinka's complaint proposes a class action, it is of course premature to move for class certification, despite Civil Rule 23(c)'s admonition to address class certification "early" in the litigation and the general preference to do so before addressing a motion directed at the merits. *See Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007). But there is no fixed requirement that the court must always defer deciding a merits-based motion until after class certification is decided. The Seventh Circuit has instructed that Rule 23's preference for deciding class certification early on is mostly for the defendant's protection, so defendants can "waive" it by moving for an earlier merits decision. *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) (quoting *Cowen v. Bank United of Tex., FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995)). That is what has happened here.

## I. Background

For purposes of this motion, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in Soyinka's favor. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011). In addition to the allegations in the pleading itself, any documents attached to the complaint are considered part of the complaint. Fed. R. Civ. P. 10(c).

Soyinka owed $171.00 on an AT&T consumer utility account. Compl. ¶¶ 6, 12; R. 1-1, Compl., Exh. C at 1. When she was unable to pay, the debt went into default. Compl. ¶¶ 12-13. In a letter dated May 7, 2019, Franklin Collection Service attempted to collect the defaulted debt. *Id.* ¶¶ 9-11, 14-15. In the first paragraph of the letter, Franklin offered a "settlement" and advised Soyinka to contact "your attorney" about Franklin's "potential remedies" and "your defenses":

> YOU HAVE AN OUTSTANDING BALANCE OF 171.00 OWED TO AT&T. IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER WE AGREE TO OFFER YOU A SETTLEMENT OF $119.70. TO ACCEPT THIS OFFER PLEASE SEND PAYMENT OF $119.70. IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL (888) 215-8961.

Compl., Exh. C (capitalization in original).

Soyinka brought this proposed class action against Franklin under the FDCPA, alleging that Franklin's letter: (1) falsely threatened a potential lawsuit in violation of the FDCPA's ban against false or misleading representations, 15 U.S.C. § 1692e, because neither Franklin nor its client, AT&T Mobility, intended to bring a lawsuit against Soyinka, Compl. ¶¶ 24-29; and (2) deployed an unfair practice in trying to collect the debt in violation of the FDCPA's ban against using unfair means,

2

15 U.S.C. § 1692f, because it made a false threat of litigation, *id.* ¶ 34. Franklin has moved to dismiss the complaint, arguing that the allegations fail to adequately state a claim upon which relief can be granted. Mot. Dismiss.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3

assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

## III. Analysis

By way of background, the "primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices." *Schlaf v. Safeguard Property, LLC*, 899 F.3d 459, 465 (7th Cir. 2018) (cleaned up). The FDCPA's provisions thus focus on "eliminat[ing] abusive debt collection practices by debt collectors," "insur[ing] that those debt collectors who refrain from using abusive debt collections practices are not competitively disadvantaged," and "promot[ing] consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Soyinka's complaint alleges that Franklin's letter violated two of these provisions: 15 U.S.C §§ 1692e and 1692f. Each provision is considered in turn.

### A. Section 1692e (False Representation)

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute then provides a non-exhaustive list of prohibited practices. Soyinka alleges that Franklin's letter violated subsection (5), which prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), because Franklin's letter threatened a potential lawsuit even though Franklin and AT&T had no intention of suing Soyinka (or, for that matter, any other debtors in Illinois). Compl. ¶¶ 23-25. Soyinka also argues that the letter is generally misleading or

4

deceptive in violation of § 1692e for even *implying* that legal action is a possibility, again on the ground that Franklin and AT&T in reality had no intention of ever bringing suit.[4] R. 20, Pl.'s Resp. Br. at 8.

To determine whether a debt collector's statements are false, deceptive, or misleading under § 1692e, the statements must be viewed from the perspective of an "unsophisticated consumer." *Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 764 (7th Cir. 2018). The court must ask "whether a person of modest education and limited commercial savvy would likely be deceived." *Id*. Although the unsophisticated consumer may be "uninformed, naïve, and trusting," she still "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (cleaned up).

"[T]he question of whether an unsophisticated consumer would find certain debt collection language misleading [is] a question of fact." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (applying the same standard to both § 1692e and § 1692f claims). A dismissal motion at the pleading stage is usually not the right way to decide whether

---

[4]Franklin argues that Soyinka is confined to § 1692e(5) specifically and cannot rely on the general, prefatory paragraph of § 1692e because the complaint specifically cited § 1692e(5). R. 24, Def.'s Reply Br. at 8. But a "complaint need only provide notice of a plausible claim; there is no rule requiring parties to plead legal theories or elements of a case," *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020) (cleaned up), especially when the complaint makes clear what statutory provision is the premise of the claim. So the specific citation to subsection (5) does not preclude Soyinka from relying on the general provision.

a dunning letter is confusing, because "district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (quoting *McMillan*, 455 F.3d at 759).

To help evaluate whether a representation is false or misleading, the Seventh Circuit divides § 1692e debt-collection statements into three categories: (1) statements that *in no way* could be misleading to the unsophisticated customer; (2) statements that, although not plainly misleading or deceptive, "*might possibly*" mislead the unsophisticated consumer; and (3) statements that are *plainly* misleading. *See Ruth v. Triumph Partnerships*, 577 F.3d 790, 800-01 (7th Cir. 2009) (emphases added); *see also Cadiz v. Credence Res. Mgmt., LLC*, 2018 WL 4052159 at *2 (N.D. Ill. Aug. 24, 2018). Only debt-collection statements in the first category warrant dismissal at the pleading stage, that is, when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis*, 679 F.3d at 636 (cleaned up); *see Ruth*, 577 F.3d at 800-01. Otherwise, "[i]n most instances … the plaintiff [should] be given an opportunity to demonstrate that [her] allegations are supported by a factual basis responsive to the statutory standard." *McMillan*, 211 F.3d at 760. For example, if the case falls within the second category—the statement might possibly mislead the unsophisticated consumer— then the case should move forward because discovery and evidence, such as consumer surveys, plausibly could support the claim. *Ruth*, 577 F.3d at 800.

Franklin argues that the letter made no threat of litigation. R. 13, Def.'s Br. at 4. By Franklin's reasoning, the letter does not even suggest litigation because, when read literally, it "simply provides advice: pay, contact your attorney, or call." *Id.* at 4-5.

If only the letter said just that. Instead, the letter says much more than pay, contact your attorney, or call. It is true that blatant words like "litigation" or "lawsuit" do not appear in the letter. But a debt-collection statement can level a threat of litigation without using those exact words. A "threat, in the broadest sense, involves a declaration of an intention to take some action." *St. John v. Cach, LLC*, 822 F.3d 388, 390-91 (7th Cir. 2016). This includes "indirect or oblique" statements, as long as they imply that legal action is "contemplated in the near future." *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). And, just as Soyinka argues here, it is deceptive and misleading to suggest that litigation is a possibility when it is not. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014) (holding that, even absent a threat of litigation, a letter suggesting that a time-barred debt is legally enforceable is misleading under § 1692e). Letters of this sort "might possibly" mislead the unsophisticated consumer and should be allowed to proceed to discovery. *Cadiz*, 2018 WL 4052159, at *2. *See also Ruth*, 577 F.3d at 800.

Here, the letter's first paragraph could suggest to the unsophisticated consumer that a lawsuit is possible, when in fact it is not. The letter starts by offering a "settlement" to "resolve this matter." Compl., Exh. C. Immediately after making that offer, the letter advises Soyinka, if she is not going to pay, to "contact your

*attorney* regarding our potential *remedies*, and your *defenses*."[5] *Id.* (emphases added). In combination, these sentences could communicate to an unsophisticated consumer the message that if she does not pay, then she will be sued. To begin, "settlement" is broadly understood by the public as a legal agreement used to avoid *litigation*. *See McMahon*, 774 F.3d at 1021 (explaining that an unsophisticated consumer might Google what a "settlement" is and find the Wikipedia entry describing "settlement offer" as a term "used in a civil lawsuit to describe a communication from one party to the other suggesting a settlement—an agreement to end the lawsuit before a judgment is rendered."). And similarly, even an unsophisticated consumer knows that "remedies," "defenses," and "attorney" are all terms used in litigation, and encountering them immediately after reading about a "settlement" offer could lead the consumer to believe that a lawsuit is coming—time to lawyer up. It is true that these terms could also be used to describe negotiation without resort to a lawsuit, but an unsophisticated consumer might not be able to figure that out.[6] In cases of ambiguity—such as here—the case law says that the case must move on. *See Lox*, 689 F.3d at 825 ("When language in a debt collection letter can reasonably be interpreted

---

[5] Franklin argues that Soyinka is bound to the excerpt of language cited in the complaint at Paragraph 18. Def.'s Reply Br. at 7; *see* Compl. ¶ 18 ("IF YOU ARE NOT PAYING THIS ACCOUNT, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES …"). But exhibits to a pleading are considered part of that pleading, Fed. R. Civ. P. 10(c), so the Court will consider all relevant parts of the dunning letter attached to the complaint.

[6] Franklin relies on *Combs v. Direct Marketing Credit Service* for the proposition that language which "merely informs the consumer of potential options does not constitute a threat." *See* Mot. Dismiss at 4; *Combs v. Direct Mktg. Credit Servs.*, 1998 WL 911691 at *2 (7th Cir. Dec. 29, 1998). The Court has no quarrel with that proposition, but *Combs* is an unpublished order issued before 2007, and thus cannot be cited. Seventh Circuit R. 32.1(d); *see* Seventh Circuit R. 53(b) (repealed, but governs pre-2007 unpublished orders).

8

to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." (cleaned up)).

Against this, Franklin argues that various other district courts have dismissed FDCPA claims—brought against Franklin—that were based on similarly worded letters. Def.'s Br. at 5 (citing *Brunett v. Franklin Collection Serv., Inc.*, 2018 WL 2170334 (E.D. Wis. May 10, 2018); *Winans v. Franklin Collection Serv., Inc.*, 2018 WL 3942073 (M.D.N.C. Aug. 16, 2018); *Rivera v. Franklin Collection Serv., Inc.*, 2017 WL 3075085 (E.D. Pa. July 19, 2017); *Covington v. Franklin Collection Serv., Inc.*, 2016 WL 4159731 (D. Kan. Aug. 5, 2016); *Clark v. Franklin Collection Serv., Inc.*, 2015 WL 3486767 (D. N.J. June 2, 2015)); R. 25, Def.'s Mot. Supp. Auth. at 2 (citing *Klemp v. Franklin Collection Serv., Inc.*, 2019 WL 6352483 (E.D. Wis. Nov. 27, 2019)). But none of the letters in that long string cite contain the same combination of terms at issue here. And none of the cases are binding precedent.

Indeed, *Winans*, *Rivera*, *Clark*, and *Covington*[7] were decided in Circuits that do *not* view the "false, deceptive, or misleading" inquiry as a question of fact.[8] *See*

---

[7] It is true that *Covington* applied the Tenth Circuit standard, and it is not clear whether that Circuit views the inquiry as a question of law or fact. But *Covington* followed the reasoning of *Clark*, which is a district court within the Third Circuit, which does seem to view the inquiry as a question of law. *Covington*, 2016 WL 4159731 at *2.

[8] These districts use the "least sophisticated consumer" standard rather than the "unsophisticated consumer" standard. Although the Third and Fourth Circuits have not explicitly decided whether the false-or-misleading element is a question of law, those Circuits have suggested that they are. In *Wilson*, the Third Circuit held that determining whether an unsophisticated consumer would be confused by contradictory or overshadowing language under § 1692g is a question of law, and the analysis of claims under §§ 1692e, f, and g are treated similarly. *McMillan*, 455 F.3d at 758. Meanwhile, in *Russell*, the Fourth Circuit held that, although the Circuit has "never directly addressed whether application of the objective

9

*Lox*, 689 F.3d at 821-22, *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 395 (4th Cir. 2014). So those district courts had more license to decide whether the debt-collection statements were false or misleading. In contrast, the Seventh Circuit treats the issue as a question of fact.

Taken on their own terms, too, the other district court decisions do not help Franklin here. The most fulsome analysis is in *Clark*, from the District of New Jersey. There, the district court considered a letter that referred to "your attorney," "our potential remedies," and "your defenses":

> IF YOU ARE NOT PAYING THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215-8961

*Clark,* 2015 WL 3486767 at *1 (D.N.J. June 2, 2015). *Clark* held that the letter could not be deceptive because it had only one plausible meaning—"[t]he letter announces the existence of a debt and advises that Plaintiff pay it, call the Defendant, or speak to an attorney." *Id.* at *3. The court reasoned that the words "remedies," "defenses," and "attorney" "do allude to legal rights, but the link to litigation is too tenuous to find that an unsophisticated debtor would think a lawsuit was going to be initiated against him if he did not pay the debt." *Id.* But that line of reasoning pulls the words out of context and is not the way that an unsophisticated consumer would actually read the letter—or at least Soyinka has plausibly alleged to the contrary. On top of

---

least-sophisticated-consumer test to [§ 1692e] is a question of law, [they] have assumed that to be the case." *Russell*, 763 F.3d at 395.

that, the letter in *Clark* does not appear to have discussed an "offer" of "settlement," whereas the letter to Soyinka does contain that added litigation-related wording.

It is true that two of the district-court cases cited by Franklin were decided under the Seventh Circuit's standard: *Brunett* and *Klemp*. In *Brunett*, however, the dunning letter did not refer to an "offer" of "settlement." *Brunett*, 2018 WL 2170334, at *2. The letter in *Klemp* did contain those words, but the opinion did not discuss the "settlement" wording because the debtor there apparently did not rely on it. *Klemp*, 2019 WL 6352483, at *2. It is worth noting too that *Brunett* and *Klemp* relied mainly on the analysis of *Clark* and the cases that followed it, *Brunett*, 2018 WL 2170334, at *3; *Klemp*, 2019 WL 6352483, at *3, and the Court has explained why it respectfully disagrees with those cases.

As a final point on the false-representation claim, it is worth adding that the threat of litigation does not disappear even though there is a back-page disclaimer of sorts. On the back the letter, Franklin added, "[w]hen this letter was mailed no attorney has personally reviewed your account." R. 1-1, Exh. C. But just because an attorney had not *yet* reviewed the account does not undermine the threat—in the letter's first paragraph, in capital letters—that an attorney *will* review the account. Indeed, an unsophisticated consumer might very well hear an implicit threat in the so-called disclaimer: no attorney reviewed the account at the time when the letter was mailed, but what happens if the debtor does not accept the offer of settlement? *That's* when an attorney will review the account. And why would an attorney review the account? To file suit. Keep in mind, too, that the disclaimer appears at the bottom

11

of the back page of the letter, buried underneath a list of Franklin's license numbers, and in a font size noticeably smaller than the size used in the rest of the letter. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018) (holding that when a letter contains a required notice under the FDCPA it must be presented "clearly enough that the recipient is likely to understand it") (cleaned up). The disclaimer does not clean up the threat of litigation, at least not to the extent that dismissal is justified. The false-representation claim survives.

### B. Section 1692f (Unfair Means)

Turning to the second claim, Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Although the statute provides a list of examples, those examples are non-exhaustive, and the prefatory paragraph of § 1692f serves as a general prohibition of unfair or unconscionable debt-collection behavior. *McMillan*, 455 F.3d at 763-64; *see* 15 U.S.C. § 1692f. Courts evaluating claims under § 1692f must apply the same "unsophisticated consumer" standard used for claims under § 1692e. *McMillan,* 455 F.3d at 759. Soyinka's complaint alleges that Franklin violated § 1692f by threatening litigation in an attempt to collect a debt, Compl. ¶ 43, when in reality no lawsuit would be brought, *id.* ¶¶ 34-35.

In moving to dismiss this claim, Franklin argues that there is a bright-line rule barring § 1692f from applying to claims for which the complained-of conduct is already covered by § 1692e. Def.'s Br. at 10. But there is no blanket bar like that. The Seventh Circuit has allowed claims under both statutes to proceed even when the

12

offending conduct overlaps. *See McMillan*, 455 F.3d at 765 (reversing dismissal of § 1692e and § 1692f claims based on overlapping conduct); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004) (same). So the one argument that Franklin offers against the § 1692f claim is rejected.

That said, when the case reaches the summary judgment stage, Soyinka will be expected to provide some factual and substantive content to the unfair-means claim so that there is a clear legal distinction between it and the false-representation claim under § 1692e. Yes, the same factual allegations might serve as the basis for both claims, but the claims must be legally distinct. *See Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) (describing that, although § 1692f is a "catch-all" provision, there is a distinct body of case law elucidating § 1692f claims); *McMillan*, 455 F.3d at 765 (applying § 1692f separately to the language of the dunning letter). Both sides will be required to offer substantive analysis of § 1692f at the dispositive-motion stage.

### IV. Conclusion

Franklin's motion to dismiss is denied. The parties shall confer and file a joint status report, R. 5, by July 24, 2020. The Court will set the discovery schedule based on that report in advance of the tracking status hearing of July 31, 2020.

ENTERED:

          s/Edmond E. Chang
          Honorable Edmond E. Chang
          United States District Judge

DATE: July 15, 2020