IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Olamide Soyinka, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Franklin Collection Service, Inc.<br><br>Defendant. | Case No. 1:19-cv-04691<br><br>Judge: Edmond E. Chang<br><br>Magistrate Judge: Sunil R. Harjani |

**MOTION TO COMPEL DISCOVERY AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Franklin Collection Service, Inc., by and through its attorney, Justin M. Penn, respectfully moves this court pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.2 for an order compelling Plaintiff to produce the contact information for Plaintiff's sister, and in support thereof, hereby states as follows:

**INTRODUCTION & BACKGROUND**

On September 29, 2020, Defendant served discovery requests on plaintiff. A copy of the discovery requests is attached as Exhibit A. In those requests, Defendant sought the names and addresses of all persons with whom plaintiff has communicated regarding the allegations made in this action (Interrogatory No. 9). In the process of narrowing the issues in dispute and avoiding unnecessary and costly written discovery, Plaintiff produced two affidavits in lieu of formal written responses.

The first affidavit was produced in regards to the initial complaint, and the supplemental affidavit was produced on March 8, 2021, in support of the proposed amended complaint. In her supplemental affidavit, a copy of which is attached as Exhibit B, Plaintiff identified for the first time her sister as someone who may have information relevant to this lawsuit. See Exhibit B, ¶ 9. In particular, Plaintiff explained that Defendant's letter caused her overwhelming feelings of anxiety

and hyperventilation for days that "only stopped occurring after [Plaintiff] spoke with [her] sister … who was able to calm [Plaintiff] down over the phone and instructed [Plaintiff] to contact an attorney." *Id.* She also explained that she was depressed, and that the depression also persisted until [Plaintiff] spoke with [her] sister, who was able to comfort [Plaintiff] and calm [her] down." *Id.* at ¶ 9.

## LOCAL RULE 37.2 MEET AND CONFER PROCESS

Plaintiff disclosed her sister as someone with whom she spoke about the allegations of the complaint on March 8, 2021. On March 11, 2021, Defendant's counsel asked Plaintiff's counsel if he could either coordinate the deposition the Plaintiff's sister or give Defendant's counsel the sister's contact information. After another reminder discussion, Plaintiff's counsel indicated, on March 25, 2021, that Plaintiff was very uncomfortable providing her sister's contact information, and that she did not want to drag her sister into the litigation. On April 1, 2021, Defendant's counsel explained that in light of the sworn statement provided, they would like to at least have the opportunity to speak with the sister, and again asked for her contact information. On that same day, Plaintiff's counsel said Plaintiff would not disclose the information voluntarily. On April 5, 2021, Defendant's counsel requested a telephonic meet and confer to comply with this Court's standing order, and on April 6, 2021, Plaintiff's counsel and Defendant's counsel discussed the matter, and were unable to amicably resolve it. After consultation via multiple emails and by telephone, and despite good faith attempts to resolve differences, the parties are unable to reach an accord.

## ARGUMENT

This issue is related to the developing line of authority in the Seventh Circuit concerning what injury is sufficient to establish standing under Article III of the United States Constitution. As this Court is likely aware, beginning in December 2020, the Seventh Circuit has begun issuing a

series of opinions[1] holding that consumers do not have standing under the Fair Debt Collection Practices Act. In this case, Plaintiff filed a motion for leave to file an amended complaint that referred to this line of cases as the basis for amending the complaint. Docket Entry [DE] 61, ¶ 3. In particular, the Plaintiff's motion for leave to file an amended complaint attached a proposed complaint that parroted the information about the conversations with Plaintiff's sister as detailed by Plaintiff's supplemental affidavit. *Id.*, Exhibit A thereto at ¶¶ 8-9.

As this Court knows well, the Federal Rules of Civil Procedure entitle a party to discovery regarding any non-privileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Material need not be admissible at trial to be discoverable. *Id.*

> **Defendant is entitled to Plaintiff's sister's contact information and a potential deposition as the information is both relevant and proportional to the needs of discovery.**

After Defendant requested the contact information for Plaintiff's sister, Plaintiff's counsel indicated that Plaintiff was uncomfortable identifying her or having her involved in this litigation. That explanation is not, however, a reasonable basis on which to withhold discoverable information under Rule 26.

**A. Plaintiff's sister's contact information and potential deposition is discoverable.**

There can be no question that the Plaintiff's sister has information relevant to the claims, as she was both identified in the supplemental affidavit from the Plaintiff and included in her initial proposed amended complaint. While she later eliminated reference to the conversation with her

---

[1] For example, On December 14, 2020, the Seventh Circuit decided *Larkin et al. v. Finance System of Green Bay, Inc.*, Nos. 18-3582 & 19-1557, that held possible avenues to establish a concrete injury, included "causing the plaintiffs to pay debts they did not owe," being "confused or misled to their detriment, or "otherwise relied to their detriment on the contents of the letter." On December 15, 2020, the Seventh Circuit decided *Brunett v. Convergent Outsourcing, Inc.*, No. 19-3256, holding that "the state of confusion is not itself and injury," but that a consumer "may be injured if she acts, to her detriment, on that confusion." These are just two of multiple such opinions.

sister in the filed amended complaint, and while she may not call her as a witness, it matters not as the conversations, and the evidence she will provide about them, is both discoverable and proportional to the needs of the case. It could well be that Defendant learns information from the sister, either as to the severity or existence of the Plaintiff's claim of damages, that is highly probative in this case.

A plaintiff seeking to pursue claims in federal court must establish standing to bring the claims. This law continues to develop, and on March 11, 2021, the Seventh Circuit explained that with respect to damages sufficient to establish standing under the FDCPA, "stress by itself with no physical manifestations and no qualified medical diagnosis [does not] amount to a concrete harm," and "[f]or the alleged injury to be concrete, a plaintiff must have acted 'to her detriment, on that confusion.'" *Pennell v. Global Trust Management, LLC*, No. 20-1524 (7th Cir. Mar. 11, 2021), a copy of which is attached as Exhibit C. Defendant should be permitted to evaluate what Plaintiff's sister observed in light of the paucity of evidence outside Plaintiff's own testimony. Indeed, Plaintiff's sister may offer more evidence of Plaintiff's stress, different evidence of the stress level, or evidence that the conversation never happened. Whatever her testimony, Plaintiff should not be permitted to swear about the existence of a witness and a first-hand experience of the harm necessary to bring this lawsuit, and then forbid Defendant access to that evidence. It is clearly relevant.

### B. Discovery related to Plaintiff's sister's recollection of the conversations is proportional to the needs of the case.

Plaintiff has not objected because the information requested is not proportional to the needs of the case, but merely that it is irrelevant because she does not intend to call Plaintiff's sister as a witness. Suffice it to say, the information is not disproportionate to the needs of the case. Defendant is merely asking for the contact information of the Plaintiff's sister. It will call Plaintiff's sister to ask about her recollection of the conversations, and if necessary, take a very short deposition. Defendant is willing to limit the deposition to forty-five minutes as it will be extremely narrow in scope. This

burden is minimal, and while discovery is near closed, Defendant did not learn of Plaintiff's sister's existence until March 8, 2021, when Plaintiff supplemented her affidavit to support the proposed amended complaint. Since then, Defendant's counsel has been diligent in seeking this narrow information.

WHEREFORE, Defendant Franklin Collection Service, Inc. respectfully requests an order compelling Plaintiff to produce the contact information for Plaintiff's sister and allow Defendant twenty one days thereafter to conduct a reasonable investigation and deposition, if necessary, of Plaintiff's sister, and grant any such further relief as this Court deems just, necessary, or proper.

    Franklin Collection Service, Inc.

    By: */s/ Justin M. Penn*
    One of the defendant's attorneys
    Justin M. Penn
    HINSHAW & CULBERTSON LLP
    151 Franklin, Suite 2500
    Chicago, Illinois 60606
    312/704-3000
    312/704-3001 – facsimile
    jpenn@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a copy of the foregoing **MOTION TO COMPEL DISCOVERY AND SUPPORTING MEMORANDUM OF LAW** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    */s/ Justin M. Penn*
    Justin M. Penn
    151 N. Franklin St – Ste 2500
    Chicago, IL 60606
    Tel: 312/704-3000